UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE CROOK,

Plaintiff,

Case No. 2:26-cv-11490

v.

Honorable Susan K. DeClercq
United States District Judge

PROSECUTOR GRIMALDI,[1] et al.,

Defendants.
_______________________________________/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Michigan prisoner Jammie Crook brings this pro se civil-rights action under 42 U.S.C. § 1983 challenging his state criminal proceedings. For the reasons explained below, the Court will summarily dismiss his Complaint.

**I. BACKGROUND**

Michigan prisoner Jammie Crook has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 challenging his state criminal proceedings. ECF No. 1. He was most recently convicted of two counts of third-degree criminal sexual conduct following a jury trial in the Wayne County Circuit Court and sentenced, as a third habitual offender, to concurrent terms of 12 to 30 years in prison in 2025. *See*

[1] State court records reveal that the prosecutor in Plaintiff's criminal case was Alexandra Grimaldi. *See People v. Crook*, Wayne Co. Cir. Ct. Case No. 24-002698-01-FC, https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4082961. The Court therefore corrects Plaintiff's spelling of her name.

Plaintiff's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/OTIS2/Profile.

In his complaint, Crook raises claims of prosecutorial misconduct, improper police conduct, ineffective assistance of defense counsel, and alleges that the trial judge was also involved. ECF No. 1 at PageID.4–7. He names Wayne County Prosecutor Alexandra Grimaldi, Detroit Police Officer Sakton, Public Defender Tiffany Howell, and Wayne County Circuit Court Judge Kelly Ramsey as the defendants in this action and sues them in their official and/or personal capacities. *Id*. at PageID.2–3. He seeks monetary damages. *Id*. at PageID.8. The Court has granted Crook leave to proceed without prepayment of the filing fee and costs for this case pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 3.

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), this Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). This Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations and footnote

omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## III. DISCUSSION

Crook's complaint is subject to summary dismissal for several reasons. First and foremost, Crook challenges the validity of his state criminal proceedings in his complaint. A claim under § 1983, however, is an appropriate remedy for a state prisoner challenging a *condition* of imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render that confinement invalid until and unless the reason for continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487–89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)— no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Crook were to prevail on the claims presented in his complaint, his continued confinement would be called into question. Consequently, his civil rights complaint is barred by *Heck* and must be dismissed.

Second, Public Defender Howell is not a state actor subject to suit in this civil rights action. It is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *See Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Because defendant Howell is not a state actor subject to suit under § 1983, Crook's complaint against her must be dismissed.

Third, Prosecutor Grimaldi and Judge Ramsey are entitled to Eleventh Amendment immunity to the extent that Crook sues them in their official capacities. The Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). However, it does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac*

*Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The Wayne County Circuit Court is part of the judicial branch of the state government, and its employees are state employees. It is part of Michigan's court system which constitutes a separate branch of state government. MICH. CONST. 1963, art. VI, § 1; *see also Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762–63 (6th Cir. 2010) (discussing Michigan court system and stating that "there can be no doubt that all of Michigan's courts, including those trial-level courts funded by local funding units, are part of one, unified judicial branch of the state"). The Michigan courts thus operate as arms of the State and are entitled to the same sovereign immunity as the State of Michigan. *Pucci*, 628 F.3d at 762–64; *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Such sovereign immunity extends to prosecutors and judges in the Michigan courts who are sued in their official capacities. *Pucci*, 628 F.3d at 764; *Colvin*, 605 F.3d at 289; *Cady*, 574 F.3d at 342–45; *James v. Anderson, et al.*, No. 12-10273, 2018 WL 6171474, *15–17 (E.D. Mich. Nov. 26, 2018). Defendants Grimaldi and Ramsey are thus entitled to Eleventh Amendment immunity on Crook's claims for damages against them in their official capacities.

Lastly, to the extent that Crook sues Prosecutor Grimaldi and Judge Ramsey in their individual capacities, they are entitled to absolute prosecutorial immunity and absolute judicial immunity, respectively. Prosecutors are entitled to absolute

immunity on claims for monetary damages under § 1983 for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009). This immunity covers a prosecutor's actions in preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), and the decision file a criminal complaint. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to grand jury). Defendant Grimaldi is entitled to absolute prosecutorial immunity on any personal claims for damages arising from her advocacy in Crook's criminal case.

Judges are similarly entitled to absolute judicial immunity on claims for monetary damages under § 1983. *See Mireles v Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).[2] Crook's claims against Judge

[2]The 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see generally Kipen v. Lawson*,

Ramsey concern the performance of her judicial duties. Judge Ramsey is thus entitled to absolute judicial immunity on any personal claim for monetary damages.

## IV. CONCLUSION

Based upon the foregoing discussion, this Court concludes that Crook fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint based upon *Heck*, that defendant Howell is not a state actor subject to suit in this action, and that defendants Grimaldi and Ramsey are entitled to Eleventh Amendment immunity and absolute immunity. Accordingly, Crook's civil rights complaint[3] is **DISMISSED WITH PREJUDICE.**

Lastly, the Court further concludes that an appeal from this decision would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 8, 2026

---

57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446–47 (E.D. Mich. 2006).

[3]This dismissal is without prejudice to any habeas action that Plaintiff may bring challenging his state criminal convictions and sentences, as well as any subsequent civil rights action should any of his convictions or sentences be overturned.